Hon. D. C. Greer, page 3

In 13 Cor. Jur., p. 517, and 17 C.J.S., p. 679 et seq. it is said:

"Where an agreement is lawful on its face, or is capable of being executed in a lawful way, and the intention of one of the parties is that it be so executed, he is entitled to enforce it notwithstanding the other party intended an illegal act, if the first person was unaware of the illegal intention. . . ."

In Mitchell vs. Porter, 194 S. W. 981, p. 986, it is said:

". . . However, it has been held that a party to an invalid contract, which is not illegal and unlawful, may be equitably estopped to dispute the validity of the contract."

In 10 Tex. Jur., p. 439, it is said:

"Performance is not excused by the fact that the contract could not legally be performed under the law as it existed when the contract was made, for the parties are presumed to know the law. . . ."

As to the mistake made by coal company we find the authorities generally to be as follows:

Williston on Contracts, Rev. Ed., Vol. 5, p. 4414, sec. 1580, et seq., it is said:

"The same principle that prohibits recovery of money paid after the defendant has changed his position makes it clear that whatever equity there may be in favor of one who has made an unilateral mistake in the formation of a bilateral contract, the effect of it is confined to cases where the transaction is still wholly executory. Therefore, if the parties proceed with a contract under a bid or offer erroneously calculated, there can be no relief, . . . . "    (Underscoring supplied)

In State vs. Scholz Bros., 4 S. W. (2d) 661, 662, it is said:

Hon. D. D. Greer, page 4

"... A mistake in arithmetic made by a party bidding on a contract ... ., such mistake not having been induced by the other contracting party, but arising solely on account of the ignorance or negligence of the bidder, has never been recognized as an excuse for breach of a contract.

". . . .

"The mistake pleaded by appellees was unilateral, and it is the well-established rule that a contract will not be rescinded on account of the mistake of one party to the contract, not induced by the acts of the other party." See also May vs. San Antonio Ry. Co., 18 S. W. 959; Price vs. Biggs, 217 S. W. 236.

We believe that the contract involved can not be changed by the claim of the Southern Coal Company that the Guffey-Vincent Bill prohibits the quotation of the price accepted by the Texas Highway Department and that the price originally quoted will have to control payment made for the coal involved in this matter.

I trust that the above fully answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By        /signed/
          Alfred F. Herbelin
          Assistant

AFH:ff

APPROVED APR 17, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

THIS OPINION CONSIDERED AND
APPROVED IN LIMITED CONFERENCE